IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  11-cv-01337-PAB-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CHARLES A. CARTER d/b/a C.C. HORSES TRANSPORT,

      Defendant.

---

**ORDER**

---

This matter is before the Court on the Motion for Entry of Default Judgment [Docket No. 12] filed by plaintiff the United States of America.  Plaintiff requests that the Court enter judgment by default against defendant Charles A. Carter.

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55.  First, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a).  Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b).  *See Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).  In this case, the Clerk of the Court entered default against Mr. Carter on August 3, 2011 [Docket No. 11].  In its motion, plaintiff seeks entry of judgment by default pursuant to Rule 55(b).

The decision to enter default judgment is "'committed to the district court's sound discretion.'"  *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation

omitted).  When exercising that discretion, the Court considers that "[s]trong policies

favor resolution of disputes on their merits."  *Ruplinger v. Rains*, 946 F.2d 731, 732

(10th Cir. 1991) (quotation marks and citations omitted).  "The default judgment must

normally be viewed as available only when the adversary process has been halted

because of an essentially unresponsive party."  *Id*.  It serves to protect a plaintiff against

"interminable delay and continued uncertainty as to his rights."  *Id*. at 733.  When "ruling

on a motion for default judgment, the court may rely on detailed affidavits or

documentary evidence to determine the appropriate sum for the default judgment."

*Seme v. E & H Prof'l Sec. Co., Inc.,* No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at

*11 (D. Colo. Mar. 19, 2010).

In this case, Mr. Carter has not sought relief from the entry of default or

otherwise attempted to participate in this litigation.  Defendant may not simply sit out

the litigation without consequence.  *See Cessna Fin. Corp. v. Bielenberg Masonry

Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of

justice requires that litigants not be free to appear at their pleasure.  We therefore must

hold parties and their attorneys to a reasonably high standard of diligence in observing

the courts' rules of procedure.  The threat of judgment by default serves as an incentive

to meet this standard.").  One such consequence is that, upon the entry of default

against defendants, the well-pleaded allegations in the complaint are deemed admitted.

*See Olcott*, 327 F.3d at 1125; *see also* 10A Charles Wright, Arthur Miller & Mary Kane,

Fed. Prac. & Proc. § 2688 (3d ed. 2010).  "Even after default, however, it remains for

the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*.

Plaintiff seeks to enforce a Default Decision and Order from the United States Department of Agriculture in the principal amount of $230,000.000.  Docket No. 1 at 6, ¶ 36.  Plaintiff also alleges that Mr. Carter owes additional interest in the amount of $1,725.03 and penalties in the amount of $10,350.00 creating a total amount of $242,075.03.  Docket No. 1 at 7.  The Court has reviewed the well-pleaded allegations in plaintiff's complaint [Docket No. 1] and finds that the facts alleged, accepted as true, support the award of principal, interest, and the penalties requested.  Additionally, plaintiff has demonstrated by affidavit that Mr. Carter is not a minor, an incompetent person, or in military service.  *See* Docket No. 12-3.

Accordingly, it is

**ORDERED** that the Motion for Entry of Default Judgment [Docket No. 12] is **GRANTED**.  It is further

**ORDERED** that judgment shall enter in favor of plaintiff the United States of America and against defendant Charles A. Carter pursuant to the Default Decision and Order in the total amount of $242,075.03, consisting of the principal amount of $230,000.00, the penalty award of $10,350.00, and interest in the amount of $1,725.03.

DATED February 28, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge